[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14948

_____

D.C. Docket No. 1:09-cv-02833-TWT

METROPOLITAN ATLANTA TASK FORCE FOR THE HOMELESS,

Plaintiff-Appellant,

versus

CITY OF ATLANTA, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 15, 2013)

Before BARKETT and JORDAN, Circuit Judges, and HODGES,[*] District Judge.

PER CURIAM:

When the City of Atlanta terminated water service, the Metropolitan Atlanta

Task Force for the Homeless sued the City, alleging breach of contract and violation

_____

[*] The Honorable Wm. Terrell Hodges, United States District Judge for the Middle District
of Florida, sitting by designation.

of its constitutional rights pursuant to 42 U.S.C. § 1983.  The district court granted summary judgment to the City on all of the Task Force's claims and entered judgment in the amount of $147,288.73 on the City's counterclaim for unpaid water and sewer services.  The Task Force appealed.  Following oral argument and review of the record, we affirm.

1.  With respect to the Task Force's First Amendment claim, we agree with the district court that paragraph 78 of the Second Amended Complaint (which merely alleged that the City's actions deprived the Task Force of "its rights under the Fifth and Fourteenth Amendments") did not properly plead a First Amendment claim.  *See generally Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

2.  As for the equal protection claim, the district court correctly found that the Task Force did not demonstrate an equal protection violation under a "class of one" theory because it failed to show it was treated differently from others who were similarly situated.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1202, 1207-08 (11th Cir. 2007).

3.  Turning to the due process claim, it fails because the Task Force failed to show that there was a deprivation caused by the City and because the Task Force does not have a constitutionally protected property interest in the certificates or eligibility

for grants. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). As we and other circuits have explained, where the statutes or regulations for the issuance of permits, licenses, or grants are discretionary, an applicant has no protected property interest. *See Spence v. Zimmerman*, 873 F.2d 256, 258-59 (11th Cir. 1989). *See also New York State Nat'l Org. For Women v. Pataki*, 261 F.3d 156, 164 (2nd Cir. 2001); *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001); *Shaner v. United States*, 976 F.2d 990, 994-95 (6th Cir. 1992).

4.  Finally, the district court properly granted summary judgment to the City on the breach of contract claim. The Task Force acknowledges that there are arrearages, and regardless of the City's actions, the Task Force owed money for its use of water services. The Task Force's assertion that the City did not read the water meters and "engaged in a general practice of 'estimating,'" *see* Brief of Appellant at 39, is not supported by Mr. Hunter's testimony. *See* Hunter Dep. 93-94 (Dec. 15, 2010) ("Q: So then assuming that a meter can be read and is not broken, then the consistent policy has been, as you understand it, that any meter that can be read needs to be read before it's billed?  A: That was certainly the policy.").

**AFFIRMED.**

3